IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 10-cv-00925-WYD-CBS

CLARA DORN,

    Plaintiff,

v.

EDWARD A. MUELLER,
CHARLES L. BIGGS,
K. DANE BROOKSHER,
PETER S. HELLMAN,
R. DAVID HOOVER,
PATRICK J. MARTIN,
CAROLINE MATTHEWS,
WAYNE W. MURDY,
JAN L. MURLEY,
MICHAEL J. ROBERTS,
JAMES A. UNRUH,
ANTHONY WELTERS,
QWEST COMMUNICATIONS INTERNATIONAL INC., and
CENTURYTEL, INC.,

    Defendants.

Civil Action No. 1:10-cv-939-REB-MJW

ZAHID SHAH, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

QWEST COMMUNICATIONS INTERNATIONAL,
CENTURYTEL, INC.,
EDWARD A. MUELLER,
CHARLES L. BIGGS,
K. DANE BROOKSHER,
PETER S. HELLMAN,
R. DAVID HOOVER,
PATRICK J. MARTIN,
CAROLINE MATTHEWS,
WAYNE W. MURDY,
JAN L. MURLEY,
MICHAEL J. ROBERTS,
JAMES A. UNRUH and
ANTHONY WELTERS,

    Defendants.

Civil Action No.: 1:10-cv-959-JLK-BNB

LAWRENCE TREPPEL, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

QWEST COMMUNICATIONS INTERNATIONAL, INC., a Delaware corporation,
CENTURYTEL, INC.,
EDWARD A. MUELLER,
JOSEPH J. EUTENEUER,
CHRISTOPHER K. ANCELL,
CHARLES L. BIGGS,
K. DANE BROOKSHER,
PETER S. HELLMAN,
R. DAVID HOOVER,
PATRICK J. MARTIN,
CAROLINE MATTHEWS,
WAYNE W. MURDY,
JAN L. MURLEY,
MICHAEL J. ROBERTS,
JAMES A. UNRUH and
ANTHONY WELTERS,

    Defendants.

Civil Action No.: 1:10-cv-984-WDM-CBS

IRON WORKERS DISTRICT COUNCIL OF TENNESSEE VALLEY & VICINITY PENSION PLAN,

    Plaintiff,

v.

QWEST COMMUNICATIONS INTERNATIONAL, INC., a Delaware corporation,
CENTURYTEL, INC.,
SB44 ACQUISITION COMPANY,
EDWARD A. MUELLER,
JOSEPH J. EUTENEUER,
CHRISTOPHER K. ANCELL,
CHARLES L. BIGGS,
K. DANE BROOKSHER,
PETER S. HELLMAN,
R. DAVID HOOVER,
PATRICK J. MARTIN,
CAROLINE MATTHEWS,
WAYNE W. MURDY,
JAN L. MURLEY,
MICHAEL J. ROBERTS,
JAMES A. UNRUH and
ANTHONY WELTERS,

    Defendants.

Civil Action No. 1:10-cv-1025-JLK-MJW

CITY OF DANIA BEACH POLICE & FIREFIGHTERS' RETIREMENT SYSTEM,

 Plaintiff,

v.

QWEST COMMUNICATIONS INTERNATIONAL,
CENTURYTEL, INC.,
EDWARD A. MUELLER,
CHARLES L. BIGGS,
K. DANE BROOKSHER,
PETER S. HELLMAN,
R. DAVID HOOVER,
PATRICK J. MARTIN,
CAROLINE MATTHEWS,
WAYNE W. MURDY,
JAN L. MURLEY,
MICHAEL J. ROBERTS,
JAMES A. UNRUH and
ANTHONY WELTERS,

 Defendants.

# ORDER

THIS MATTER comes before me on Plaintiffs' Motion to Consolidate Related actions and Appoint Interim Co-Lead Class Counsel and Interim Liaison Counsel filed May 6, 2010 [d/e 7]. I have also considered Plaintiffs' Further Certification Under D.C.COLO.LCIVR 7.1(A) filed May 11, 2010 [d/e 9]. Having found good cause shown for the requested relief, Plaintiffs' motion is granted as set forth below.

**I.     MOTION TO CONSOLIDATE**

Because I have the oldest numbered case, I rule on the Motion to Consolidate. D.C.COLO.LCıvR 42.1 ("A motion to consolidate shall be decided by the district judge to whom the oldest numbered case involved in the proposed consolidation is assigned for trial."). Federal Rule of Civil Procedure 42(a) provides that consolidation is appropriate when the actions involve common questions of law or fact:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

FED. R. CIV. P. 42(a). Further, consolidation is committed to the sound discretion of the trial court. *Chimal v. Sledge*, No. 06-cv-02394, 2007 WL 1576346, at *1 (D. Colo. May 31, 2007). "The purpose of Rule 42(a) is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Skaggs v. Level 3 Communications, Inc.*, No. 09-cv-00200, 2009 WL 458682, at *1 (D.Colo. Feb. 24, 2009)(quotations omitted).

Based on my review of the Complaints in the above-referenced cases and the movants' pleadings, it is clear the cases are appropriate for consolidation. The cases assert similar claims based on nearly identical legal theories and underlying facts. The cases also assert similar theories of damages and recovery, namely, that Plaintiffs and the class were harmed by Defendants' breaches of fiduciary duty and that the attempted sale of Qwest Communications International Inc. to CenturyTel via an unfair process and at an

unfair price should be enjoined. Accordingly, the request for consolidation is granted.

## II. MOTION TO APPOINT INTERIM LEAD AND LIAISON COUNSEL

Pursuant to Federal Rule of Civil Procedure 23(g)(3), the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Although Rule 23(g)(3) itself contains no guidance for selecting interim counsel, I will use the criteria specified in Rule 23(g)(1) for the appointment of class counsel in making its determination. Rule 23 (g)(1) states:

> In appointing class counsel, the court:
>
> (A) must consider:
>   (i) the work counsel has done in identifying or investigating potential claims in the action;
>   (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>   (iii) counsel's knowledge of the applicable law; and
>   (iv) the resources that counsel will commit to representing the class.

FED. R. CIV. P. 23(g)(1). In addition, a court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Id.*

In analyzing the factors above, I believe that Robbins Geller and Robbins Umeda should be appointed Interim Co-Lead Counsel and the Shuman Law Firm as Interim Liaison Counsel for the consolidated actions. There is no dispute that these firms have adequate experience in class actions and complex litigation, adequate knowledge of the applicable law and abundant resources.

Based on the foregoing, it is

ORDERED that Plaintiffs' Motion to Consolidate Related actions and Appoint Interim

Co-Lead Class Counsel and Interim Liaison Counsel filed May 6, 2010 [d/e 7] is **GRANTED.** The above-captioned cases shall be consolidated for all purposes. Case No. 10-cv-00925-WYD-CBS shall be the lead case and the parties are directed to file all future pleadings in case No. 10-cv-00925-WYD-CBS. It is

FURTHER ORDERED that Magistrate Judge Craig B. Shaffer is appointed as the presiding Magistrate Judge for the above-captioned cases. It is

FURTHER ORDERED that the Court appoints Robbins Geller Rudman & Dowd LLP and Robbins Umeda LLP as Interim Co-Lead Class Counsel and the Shuman Law Firm as Interim Liaison Class Counsel for the consolidated actions.

Dated: May 28, 2010

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE